___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:26-cv-00928-FWS-AS | Date: March 2, 2026 |
| Title: Paolo Rento Pimentel-Lopez v. Shannon Dicus *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [3]**

Petitioner Paolo Rento Pimentel-Lopez brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondent Shannon Dicus Sheriff-Coroner of San Bernadino County; Respondent David Marin, Director of Los Angeles Field Office, U.S. Immigration and Customs Enforcement; Respondent Kristi Noem, Secretary of the Department of Homeland Security; Respondent Pam Bondi, Attorney General of the United States; Respondent U.S. Department of Homeland Security; Respondent Executive Office for Immigration Review; and Respondent San Bernardino County Sheriff's Department (collectively, "Respondents"). (Dkt. 1 ("Pet.").) Before the court is Petitioner's *Ex Parte* Application for a Temporary Restraining Order. (Dkt. 3 ("Application").) Petitioner seeks a court order ordering "enjoining Respondents from re-detaining petitioner, and ordering Respondents to release Petitioner immediately." (*Id.* at 9.) The Federal Respondents—which excludes Respondents Shannon Discus and the San Bernardino County Sheriffs Department—filed an opposition to the Application. (Dkt. 5 ("Opp.").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the Application is **GRANTED IN PART**.

Petitioner contends that he is currently detained at the Desert View Annex Detention Facility in Adelanto, California and has not received a bond hearing despite his entitlement to one under 8 U.S.C. § 1226(a). (Pet. ¶¶ 2-6.) The Federal Respondents acknowledge that

___

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00928-FWS-AS                                                                 Date: March 2, 2026
Title: Paolo Rento Pimentel-Lopez v. Shannon Dicus *et al.*

Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025)." (Opp. at 2.)  The Federal Respondents further state that, "to the extent Petitioner would be entitled to any remedy via" the Application, "at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (*Id.*)  The court has granted temporary restraining orders in similar circumstances and ordered that petitioners receive a bond hearing within seven days. *See, e.g.*, *Ana Maria Gaviria Lora v. Warden of GEO Grp., Inc. et al.*, 2026 WL 127608, at *4 (C.D. Cal. Jan. 9, 2026) (Slaughter, J.); *Engonga v. Noem*, 2025 WL 3764077, at *3-4 (C.D. Cal. Dec. 23, 2025) (Slaughter, J.); *Ajqui v. Noem*, 2025 WL 4058281, at *6 (C.D. Cal. Nov. 10, 2025) (Slaughter, J.). The court adopts its prior reasoning here and finds that Petitioner adequately demonstrates that he is entitled to a bond hearing within 7 days—a point that the Federal Respondents do not dispute. (*See* Opp. at 1-2.)

      For the foregoing reasons, the Application is **GRANTED IN PART.**  The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **March 9, 2026, at 5:00 p.m.**  If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **March 9, 2026, at 5:00 p.m.**  Further, Respondents are further **ORDERED** to show cause in writing on or before **March 13, 2026,** as to why the court should not issue a preliminary injunction in this case.  Petitioner may file a response on or before **March 16, 2026, at 10:00 a.m.**  The court sets a hearing on whether a preliminary injunction should issue on **March 19, 2026, at 10:00 a.m., in Courtroom 10D.**

**IT IS SO ORDERED.**